IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

TIMOTHY ADAMS,

Petitioner,

v.

Case No. 1:26-cv-01262-JDB-jay
Re: 1:24-cr-10038-JDB-1

UNITED STATES OF AMERICA,

Respondent.

---

ORDER DISMISSING § 2255 MOTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT APPEAL IS NOT TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

On September 21, 2026, the Petitioner, Timothy Adams, Bureau of Prisons register number, 20596-511, filed a pro se "Motion for Prosecutorial Misconduct" in his criminal case. (*United States v. Adams*, Case No. 1:24-cr-10038-JDB-1 (W.D. Tenn.), Docket Entry ("D.E.") 79.) The Court construed the filing as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody and directed the Clerk to open the instant civil case. (*Id.*, D.E. 80.)

Because Adams's motion did not "substantially follow" the district's official § 2255 form, the Court ordered him to "submit an amended motion on the official form within twenty-eight days of the date of entry of this order." (*Id.*, D.E. 80 at PageID 375.) The deadline to comply expired on Monday, November 2, 2026.

By failing to file an amended § 2255 motion in accordance with the Court's directive, Petitioner appears to have abandoned this action. Accordingly, the § 2255 motion is DISMISSED WITHOUT PREJUDICE for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

APPELLATE ISSUES

A § 2255 movant may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the prisoner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

There can be no question that Adams failed to prosecute his case. Because any appeal therefore does not deserve attention, the Court DENIES a COA.

The Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders dismissing § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis ("IFP") in a § 2255 case and avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status under Fed. R. App. P. 24(a). *Id.* at 952. The rule provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal IFP, the prisoner must file his motion to proceed IFP in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a COA, the Court CERTIFIES that any appeal would not be taken in good faith. Leave to proceed IFP on appeal is DENIED.[1]

IT IS SO ORDERED this 20th day of November 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

[1]If Adams files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed IFP and a supporting affidavit in the Sixth Circuit within thirty days.